HARTMAN v. COLLINS, Superintendent of Buildings.

(Supreme Court, Appellate Division, Second Department. June 9, 1905.)

1. BUILDING PERMITS—PLANS—AMENDMENT—FACILITIES FOR EGRESS—BUILDING SUPERINTENDENT—MANDAMUS.

New York Building Code, § 108, provides that in all buildings of a public character, including restaurants, etc., intended to be used for public assemblage, passageways shall be arranged, as the department of buildings shall direct, to facilitate egress in case of fire and accident. *Held* that, where a proposed amendment of the plans of a building to be used for a restaurant was not satisfactory to the building superintendent, it was error to grant a peremptory mandamus requiring him to approve such plans without prejudice to his right to point out specifically any lawful requirements in respect to stairways, galleries, or otherwise, and require them to be complied with.

2. SAME.

Mandamus should not be granted to compel action by the building department of a city in advance of the preparation and adoption of proper plans, but only to compel action when plans affording no legitimate ground of objection have been arbitrarily or unreasonably condemned.

Appeal from Special Term, Kings County.

Application by Marx Hartman for peremptory writ of mandamus against Peter J. Collins, as superintendent of buildings of the city of New York for the borough of Brooklyn, to compel defendant to approve a proposed amendment to a plan for the construction of a building, and to issue a permit therefor. From an order granting the writ, defendant appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and MILLER, JJ.

James D. Bell (John E. Walker, on the brief), for appellant.
George W. Martin, for respondent.

HIRSCHBERG, P. J. In the month of October, 1904, the petitioner submitted plans for the erection of a building in Brooklyn, which were duly approved, and a permit was issued. The plans provided for a three-story building to be used for bowling alley purposes, the building to be 85 feet by 33 feet in length and breadth, and 44 feet in height. They provided for an interior stairway leading from floor to floor, four feet in width, and for an exterior iron

fire escape, three feet in width. In the month of February, 1905, the petitioner applied for permission to amend the plans by providing for the construction of a gallery on the inside of the third floor, and to use that floor for banqueting or restaurant purposes instead of for bowling alleys, to accommodate not more than 250 people. The additional means of egress proposed was an additional exterior iron fire escape three feet in width. The commissioner of buildings regarded the accommodation provided for egress as inadequate to the uses of the changed conditions proposed, and refused to approve the amendment and to issue a permit for the change.

While the order appealed from imperatively requires the superintendent of buildings to accept the proposed amendment and to issue a permit thereon, it contains in addition this qualification, viz.:

"This application is granted without prejudice to the superintendent of public buildings, pointing out specifically any lawful requirements in respect to stairways, galleries or otherwise, and requiring them to be complied with."

In other words, the order requires the issuance of a peremptory writ of mandamus compelling the superintendent to approve the amended plan, but without prejudice to his right to make, and to compel compliance with, whatever lawful changes he may see fit to order.

Our attention is called to no authority for the granting of the order, and reason suggests none. Section 108 of the Building Code of the city of New York provides that:

"In all buildings of a public character, such as hotels, churches, theatres, restaurants, railroad depots, public halls, and other buildings used or intended to be used for purposes of public assembly, amusement or instruction, * * * the halls, doors, stairways, seats, passageways and aisles * * * shall be arranged as the department of buildings shall direct to facilitate egress in cases of fire and accident, and to afford the requisite and proper accommodation for the public protection in such cases."

The order, taken as a whole, indicates that the plan proposed by the petitioner is regarded by the learned court at Special Term as inadequate, and that the discretion vested in the superintendent of buildings has been wisely exercised in its rejection. In such circumstances, the application for the writ should have been denied. The office of a mandamus is not to compel action by the building department in advance of the preparation and adoption of proper plans, but only to compel action when plans affording no legitimate ground of objection have been arbitrarily or unreasonably condemned.

The order should be reversed, with $10 costs and disbursements, and the motion denied, with costs. All concur.