The People of the State of New York ex rel. Adolph I. Namm, Respondent, v. Patrick J. Carlin, as Superintendent of Buildings for the Borough of Brooklyn, City of New York, Appellant.

Second Department, March 8, 1918.

Municipal corporations — Building Code, city of New York — power of superintendent of buildings to pass upon safety of proposed foundations — discretion of superintendent not controlled by mandamus — unusual depth of foundation made necessary by subway constructed by city.

The superintendent of buildings for the borough of Brooklyn has statutory authority to pass upon the safety of a proposed building, and where he has determined that, owing to an adjoining subway, a landowner must carry the foundations of his building to a certain depth mandamus does not lie to compel him to issue a building permit according to the owner's plans which do not extend to the required depth.

While the duty of said superintendent of buildings to issue a permit where the requirements of the statutes and municipal ordinances have been complied with is ministerial and may be controlled by mandamus, his power to pass upon the prudence and safety of a proposed construction is discretionary and hence cannot be controlled by said writ, if his action in refusing a permit upon said ground is neither arbitrary nor unreasonable.

It seems, that if an unusual depth of foundation is necessary to the relator's building because of the proximity of a subway constructed by the city, any claim for compensation must be asserted by an appropriate civil action between the relator and the city itself.

Appeal by the defendant, Patrick J. Carlin, as superintendent, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 14th day of May, 1917, granting relator's application for a peremptory writ of mandamus.

The superintendent of buildings, in charge of the bureau of buildings for the borough of Brooklyn, has official powers and duties defined in the Greater New York charter, section 411,* and the Building Code of the city of New York.

Relator as owner of real property situate at Nos. 452–454 Fulton street, in the borough of Brooklyn, caused plans to be filed with the superintendent of buildings for the erection of a ten-story building. His plans provided for foundations carried down to ten feet below the curb level. On January 5, 1917, the superintendent of buildings rejected said plans and refused a permit for construction, with a notation to " carry foundation wall to depth of subway walls."

The southerly retaining wall of the subway under Fulton street, in front of the premises in question, is twenty-two inches from relator's building line, and thirteen feet two inches below the level of the proposed foundation shown on relator's plan. By such order of defendant, relator was required to sink his foundation to a total depth of twenty-three feet two inches.

The learned court at Special Term granted a peremptory writ of mandamus requiring the issue of a permit in accordance with relator's plans. This was on the ground that relator has the right to use his property to the greatest possible advantage; that by the construction of a subway relator's property cannot be subjected to any greater burden than is embraced within the public easement for ordinary street purposes, unless the city make relator compensation adequate to the increased burden.

*Charles J. Nehrbas* [*William P. Burr*, Corporation Counsel, *Terence Farley* and *William T. Kennedy* with him on the brief], for the appellant.

*Herbert Andrews*, for the respondent.

* See Laws of 1901, chap. 466, § 411, as amd. by Laws of 1916, chap. 503.—[Rep.

PUTNAM, J.:

The superintendent of buildings had to determine on the safety of relator's proposed structure. With the deeper wall of the subway less than two feet from relator's building line, he rightly considered such a ten-story structure as unsafe, unless supported by a foundation of equal depth with the subway.

The statutes cited contain directions as to materials, plan and construction, but with other provisions that are left to the judgment of the superintendent of buildings. There is a right of appeal to a board of appeals from his decision. (Greater N. Y. Charter [Laws of 1901, chap. 466], §§ 718d, 719, as added by Laws of 1916, chap. 503.) When refused a permit, the petitioner exercised that right of appeal, but the board of appeals sustained the superintendent of buildings.

By his opposing affidavit, Mr. Carlin showed that after an investigation and examination of the physical conditions surrounding the said subway walls and the soil and ground upon which the footings and foundations of said proposed new building would be built, he determined that no plan which fails to carry the footings and foundations down to the sub-surface of the subway walls on solid ground can be safely approved for the erection of relator's proposed building. The subway wall in front is not strong enough to support the adjoining soil, together with the load which such building would superimpose. The soil beneath is not solid, having been disturbed both by the underpinning of relator's present structure, and by the building of these subway walls.

In the superintendent's opinion the plans, if approved, would create a condition dangerous to the proposed building and to the subway walls along its front.

We are not referred to any provision of the statutes, or ordinances, that declares ten feet to be the maximum depth for a foundation. At least four feet below the surface is mentioned. (Building Code, § 232, subd. 1.)* Where the excavation is more than ten feet, the person causing such excavation, if afforded the necessary license to enter upon the

---

*See Greater N. Y. Charter, § 1556, as amd. by Laws of 1917, chap. 382.— [REP.

adjoining land, and not otherwise, must protect, at his own expense, any wall, building or structure which may be affected thereby. If such license is not accorded or if such excavation is not more than ten feet, the adjoining owner must protect such wall, building or structure. (Building Code, § 230.) (See Cosby's Code Ord. [Anno. 1917] pp. 89, 91.)

It may well be that relator's obligation to carry down this foundation for an additional depth of thirteen feet two inches is by reason of the close proximity of the subway. But it was not the province of the superintendent of buildings to pass upon such relative rights, or withhold his judgment because of questions of compensation. Such issues may be for an appropriate civil action between the relator and the city.

While the duty of the proper officer to issue a building permit, where the requirements of the statutes or municipal ordinances have been complied with, has been held to be ministerial, so that mandamus will issue to enforce it, the present situation is where the superintendent has to pass upon the prudence and safety of a construction without a foundation of suitable depth. Such a responsibility is to be regarded as discretionary, and hence will not be controlled by mandamus. Mandamus is to compel action, when plans affording no legitimate ground for objection have been arbitrarily or unreasonably condemned. (*Matter of Hartman* v. *Collins*, 106 App. Div. 11.)

The issuance of a permit to erect a building on an insecure foundation might endanger life and property. As the plans filed were open to legitimate objection, appellant's refusal of a permit cannot, therefore, be said to be arbitrary or unreasonable.

Hence, I recommend to reverse the order granting the application for a peremptory writ of mandamus, with ten dollars costs and disbursements, and to deny the motion, with ten dollars costs.

JENKS, P. J., THOMAS, MILLS and RICH, JJ., concurred.

Order granting application for peremptory writ of mandamus reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.