THE PEOPLE OF THE STATE OF NEW YORK ex rel. BARNE SILVER, Respondent, v. EDWARD RIEGELMANN, as President of the Borough of Brooklyn, and Another, Appellants.— The papers sufficiently show that the refusal of the permit was not upon the ground that it would be in violation of section 93 of the Building Code.   This section requires the determination of the superintendent of buildings, at the time the application is passed upon, as to whether the structure is damaged to an amount greater than one-half its value exclusive of foundations.   The determination must be made at that time in order to give the owner an opportunity of appealing to the surveyors.   In this case the permit was not refused on any such ground. No such determination was made by the superintendent of buildings, and if it had been made it was illegal to grant the permit under which a portion of the property has already been repaired and rebuilt.   We think the question of law is plainly before this court, whether the borough president and the superintendent of buildings may refuse the permit on the ground that in their opinion the structure cannot legally be extended beyond the present high-water mark.   The power given to the superintendent of buildings to grant or withhold a permit is for the purpose of enabling him to require that the provisions of law regarding the manner of construction or the materials to be used in the erection or alteration of buildings be complied with.   He has no jurisdiction over the question of the title to the property or as to whether the building when erected will constitute a purpresture.   Order affirmed, with ten dollars costs and disbursements.   Jenks, P. J., Putnam, Blackmar, Kelly and Jaycox, JJ., concurred.

BARNE SILVER, Respondent, v. EDWARD RIEGELMANN, as President of the Borough of Brooklyn, and Another, Appellants.— It is not necessary to decide whether city officials who have refused a building permit could in any circumstances be enjoined in equity from interference with a projected building.   (*People ex rel. Namm* v. *Carlin*, 182 App. Div. 626.)   Here the complaint was based on the Special Term order of May twenty-ninth, granting a peremptory mandamus to the superintendent of buildings, directing him to issue such a permit.   But on the face of this complaint it appeared that by an appeal under section 1314 of the Code of Civil Procedure, such order had been stayed and superseded.   To sue for an injunction and damages based on such superseded order, pending such appeal therefrom, would in effect nullify the statute provision for a stay.   The order denying defendants' motion for judgment on the pleadings is, therefore, reversed, with ten dollars costs and disbursements, and defendants' motion granted, with ten dollars costs.   Jenks, P. J., Mills, Rich, Putnam and Kelly, JJ., concurred.