In the Matter of HEWLETT DEVELOPERS, INC., Petitioner, *v.* WARREN FRISINA, as Superintendent of Buildings of the Incorporated Village of Lynbrook et al., Respondents.

Supreme Court, Special Term, Nassau County, May 8, 1962.

*Goldstein & Maffucci (Christopher C. Maffucci, Jr.,* of counsel), for petitioner. *Nathanial S. Rudes* for respondents.

WILLIAM R. BRENNAN, JR., J. Petitioner, the contract vendee of premises located at the northwest corner of Scranton and Union Avenues in the Village of Lynbrook, seeks, in this article

78 proceeding, an order in the nature of a mandamus directing the respondent Building Inspector to issue a permit for the erection of an apartment house on the plot. The premises are located in an area zoned commercial in Zoning Ordinance No. 55 as effective on March 17, 1952, which ordinance permitted the use of the premises for a multiple dwelling.

On May 31, 1960, while the above-mentioned ordinance was in full force and effect, the petitioner submitted a preliminary sketch or schematic drawing of the proposed apartment house which the Village Superintendent of Buildings returned on June 2, 1960, on the ground that it did not meet the minimum requirements of the Building Code for an application for a building permit. Two weeks prior to the filing of the schematic drawing the village had published a notice scheduling a public hearing upon a proposed amendment to the Zoning Ordinance which would substantially reduce the number of units which could be contained in any apartment house upon these premises by increasing the front, side and rear yard setbacks, and reducing the total percentage of the land area of the property which could be occupied by a building. The public hearing was to take place on June 6, 1960, but it was subsequently adjourned to June 20, 1960.

On June 16, 1960, having notice of the proposed amendment to the Zoning Ordinance, petitioner nevertheless filed plans and specifications for the proposed apartment house with the Superintendent. No action was taken on the application until June 30, 1960, when it was denied on the ground that it did not comply with the new amendment to the Zoning Ordinance. The amendment, if effective at all, would not by its terms take effect until July 5, 1960, five days after the application was denied.

Petitioner did not at that time invoke the process of this court to compel the issuance of the permit, but chose instead, pursuant to the request of the village in its letter of denial, to pick up its application, plans and uncashed check for the filing fee. The application was withdrawn on July 5, 1960.

Attempts were made by the petitioner to negotiate with village officials and while these negotiations continued through the Spring of 1961, this proceeding was instituted on September 12, 1960. Later in 1961 a still further and more restrictive amendment to the Zoning Ordinance was adopted, and, all attempts at negotiation having failed, petitioner now seeks his building permit, claiming (1) that the plans when filed were in conformity with the then Zoning Ordinance, (2) that the first amendment of July 5, 1960 was void and that the 1961 amendment was also invalid as not having been adopted in compliance with the

requirements of section 178 of the Village Law. Collateral questions of law and fact also arose during the trial which need not be decided here in view of the court's determination, as will appear below, that the plans when filed on June 16, 1960, were not then in compliance with the ordinance.

The respondents maintain that the plans were deficient in many particulars, emphasizing that no mechanical drawings for heating, ventilation and electrical work were submitted, that no floor loadings were enumerated, and no structural materials designated. Insofar as these objections are concerned, the court finds that the plans were in substantial conformity with the Building Code. The respondents also maintain that the plans submitted called for a five-story apartment house when the Zoning Ordinance limited the structure to a four-story building. The court rejects this contention, finding that the lower portion of the building constituted a " cellar " within the definition of the ordinance and is, therefore, not properly included in calculating the number of stories. The plans were deficient, however, inasmuch as they failed to comply with the requirements of article IX of the Zoning Ordinance pertaining to parking facilities. Subdivision (d) of section I of the said ordinance, insofar as it is applicable, provides: " Whenever an apartment house or multiple dwelling shall hereafter be erected or altered for the use of three or more families, provisions must be made for garage space; or off street parking space, which parking space shall be hard surfaced and marked for each car for private passenger automobiles only; in a number equal to no less than one car for each family or housekeeping unit in each such apartment house or multiple dwelling." The plans submitted provided for off-street parking for four cars and garage space for 68 cars, the total of 72 cars conforming to the 72 dwelling units contained in the plans. The square-foot area of the garage space as set forth in the plans would be sufficient to house 68 standard size automobiles, but would leave no room for maneuvering and no room for ingress or egress, matters indispensable for " parking ". Thus, the plans were fatally defective in an essential particular and the proposal was accordingly insufficient. " The office of a mandamus is not to compel action by the building department in advance of the preparation and adoption of proper plans, but only to compel action when plans affording no legitimate ground of objection have been arbitrarily or unreasonably condemned." (*Matter of Hartman* v. *Collins,* 106 App. Div. 11, 13.)

In view of the foregoing, it is unnecessary for the court to determine whether the procedures preliminary to the two amend-

ments to the village ordinance were in compliance with section 178 of the Village Law. For the same reason it is unnecessary to rule upon the validity of section XX of the supplementary provisions of the ordinance forbidding issuance of a permit while an amendment to the ordinance is pending (as was the case when plans were filed herein on June 16, 1960), although the legality of such an ordinance is at best doubtful (*Matter of Gramatan Hills Manor* v. *Manganiello*, 30 Misc 2d 117, 120). The petition is accordingly dismissed, without costs.